UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN CUSTER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 22-cv-1143-MMM |
| | ) |
| BRIAN ASBELL, et al., | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* and detained at the Peoria County Jail, files a complaint under 42 U.S.C. § 1983. (Doc. 1). He also filed two letters, which were docketed as a Motion for Temporary Restraining Order ("TRO"). (Docs. 4 and 4-1). Because Plaintiff seeks immediate relief, the Court will take up this matter without delay. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## FACTS

In his complaint, Plaintiff names Sheriff Brian Asbell, Jail Superintendent Rhonda Gyton DCS Eddlemon, and DCS Hart as Defendants.

Plaintiff alleges that he was taken to a transfer cell where he and Defendant Eddlemon got into a verbal dispute. Defendant Eddlemon told Plaintiff to "cuff up," tightened the handcuffs as tightly as possible, and then hung Plaintiff from an iron ring several feet above a bench, where he remained for over an hour. Plaintiff was in so much pain that he feared he would pass out. At some point, Plaintiff was seen by a nurse, who thought Plaintiff might have suffered a fracture.

Plaintiff states that he is now in solitary confinement for 24 hours a day with only a mat and blanket. An extremely bright light remains on all day, and he was told this is because he files lawsuits. Plaintiff also claims that he was beaten and tortured, fears for his life, and Defendant Eddlemon "stalks" his cell.

## ANALYSIS

As Plaintiff was a pretrial detainee during the events at issue, his claims are reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment, and are subject only to an objective unreasonableness standard. *See Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019).

Under this standard, Plaintiff must plead: "(1) the conditions in question are or were objectively serious …; (2) the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable – that is 'not rationally related to a legitimate governmental objective or … excessive in relation that the purpose.'" *Id*. at 827 (Sykes, J., concurring) (quoting *Kingsley v. Hendrickson*, 576 U.S.

389, 397 (2015)). This standard is higher than that required to prove negligence, or even gross negligence, and is "akin to reckless disregard." *Miranda*, 900 F.3d at 352.

Plaintiff states that he was placed in solitary confinement where an extremely bright light remains on for 24 a day and that he only has a mat and blanket. He fails to allege how he was harmed or state who he complained to. Plaintiff claims that he was told the light would remain on all day because he files lawsuits, but he failed to identify who told him this. The Court is unable to discern whether the conditions of his solitary confinement are objectively serious. To assert a § 1983 claim for money damages, Plaintiff must allege an injury. *See Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013) (for case to be actionable, plaintiff must allege he suffered some cognizable harm). As pled, Plaintiff fails to a state conditions-of-confinement claim.

To state an excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97. "[O]bjective reasonableness turns on the facts and circumstances of each particular case." *Id*. at 397; *see also Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). The Court finds that Plaintiff has stated a colorable excessive force claim against Defendant Eddlemon for placing handcuffs on Plaintiff as tightly as they would go and for hanging him from an iron ring, which may have resulted in a fracture.

Plaintiff will not be permitted to proceed on his general claim that his was tortured and beaten or that Defendant Eddlemon "stalked" his cell because he provides no details in support of these claims. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

Although he lists Hart, Asbell, and Gyton as Defendants, he makes no allegations against them in the body of the complaint. It is well-recognized that § 1983 liability is predicated on fault,

so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Additionally, he does not allege that Sheriff Asbell or Jail Superintendent Gyton were present or participated in the alleged conduct. Section 1983 does not allow actions against individuals just for their supervisory role of others. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (internal quotations and citations omitted). Hart, Asbell, and Gyton are DISMISSED without prejudice for failure to state a claim.

## **MOTION FOR TRO**

On April 27, 2022, Plaintiff filed two letters, which the Court docketed as a Motion for TRO out of an abundance of caution. Plaintiff's letters are largely unintelligible and lacking in detail. In the first letter, which is addressed to Chief Judge Darrow, he states that he was rushed to the emergency room after unidentified staff members refused to give him his heart medication. He also claims that he was tortured, beaten, locked in a cell with bright lights for 24 hours a day, unable to shower or use the phone, and is being coerced into pleading guilty to a crime he did not commit. (Doc. 4). In his second letter, which is addressed to Judge Bruce, Plaintiff again states that he is in solitary confinement with extremely bright lights; he was hung to a wall by handcuffs that were so tight his skin broke; he slipped and fell; he was thrown out of a hospital bed and severely injured; and unidentified staff members target him for filing lawsuits. (Doc. 4-1).

To proceed on a motion for TRO, a plaintiff must establish that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014)

4

(citing *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)). If those three factors are shown, the court then must balance the harm to each party and to the public interest from granting or denying the injunction. *See id.* (citations omitted).

Although it is concerning that Plaintiff alleges he was denied heart medication and was rushed to the emergency room, Plaintiff did not include this claim in his complaint. Plaintiff also did not allege that he is being coerced into pleading guilty, was thrown from a hospital bed and was injured, slipped and fell, or was unable to shower or use the phone. As a result, the Court is unable to assess the likelihood of success of these claims on the merits. Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. This is "the first step in the action." *Id.*, Advisory Committee Notes, 1937 Adoption. Plaintiff's decision to skip this step is fatal to his motion. *See Strouse v. USP-Marion Warden*, 2020 WL 2063937, at *2 (S.D. Ill. April 29, 2020). Plaintiff must file a separate complaint if he wishes to proceed any further on these claims. Although the Court dismissed Sheriff Asbell as a Defendant, the Court will order Sheriff Asbell to file a Status Report within 7 days of this Order to address the status of Plaintiff's medical condition and whether Plaintiff is being provided with his heart medication.

With regard to Plaintiff's claim that he was placed in solitary confinement with bright lights in retaliation for filing lawsuits, the Court evaluated this claim based on the allegations as pled in his complaint and determined that he failed to establish a claim. Therefore, the underlying case does not have a likelihood of success of the merits.

Plaintiff was allowed to proceed on an excessive force claim against Defendant Eddlemon based on the allegations that Defendant Eddleton handcuffed him tightly and hung him from an

iron ring on a wall. Plaintiff has not established that no adequate remedy at law exists and that he will suffer irreparable harm without relief, as this appears to have been an isolated incident.

Plaintiff's Motion for TRO is DENIED, without prejudice.

**IT IS THEREFORE ORDERED:**

1. According to the Court's Merit Review of Plaintiff's complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an excessive force claim against Defendant Eddlemon. Additional claims shall not be included in the case, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2. Defendants Hart, Asbell, and Gyton are DISMISSED.

3. Plaintiff's Motion for Leave to Proceed in forma pauperis [3] will be addressed in a separate order after the Court obtains a current trust fund ledger from the Peoria County Jail.

4. Plaintiff's Motion for TRO [4] is DENIED, without prejudice. Plaintiff must file a separate complaint if he wishes to proceed any further with separate claims. He is strongly encouraged to use the Court's standard civil rights complaint form to prepare the pleading. The Clerk is DIRECTED to send Plaintiff a copy of the standard civil rights complaint form.

5. Within 7 days of this Order, Sheriff Asbell is DIRECTED to file a Status Report in this case to address the status of Plaintiff's heart condition and whether he is being given medication. The Clerk is DIRECTED to send Sheriff Asbell a copy of Plaintiff's Motion for TRO [4] and a copy of this Merit Review Order.

6. This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

7. The Court will attempt service on Defendant by mailing a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

8. If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9. Defendant shall file an Answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an Answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the Answer is necessary or will be considered.

10. This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

11. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition. Plaintiff shall be provided a copy of all pertinent medical records upon request.

12. Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

13. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

14. Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The

Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

15. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:  5/3/2022

                                                  s/ Michael M. Mihm
                                                  Michael M. Mihm
                                                  United States District Judge